## Cosby, &c. *vs* Worland.

### ERROR TO THE WASHINGTON CIRCUIT.

#### *Payments.*

CHANCERY.

*Case* 36.

*Oct.* 14.

The case stated.

JUDGE MARSHALL delivered the opinion of the Court.

THIS bill was filed by Worland to injoin the collection of two judgments in favor of Cosby against him, which had been revived by *scire facias*, in the name of Cosby's executors. The equity alledged is, that while execution on the two original judgments were in the hands of the Sheriff, the complainant had also in the hands of the same Sheriff an execution for a greater sum against one Clements, on which the Sheriff collected money sufficient to satisfy said two executions ; and that both before and after the collection of this money, the complainant had directed the Sheriff to apply it to the satisfaction of the two executions against him, and that the Sheriff received it for that purpose, and to be so used and appropriated. The executor of Cosby denies knowledge of these facts, and requires proof, alledging that whatever was done between Worland and the Sheriff, was without the privity or consent of Cosby, and never communicated, &c. and relying on the failure of the complainant to plead the alledged payment in bar to the *scire facias*. It appears by the deposition of the Sheriff, that while he had the three executions in his hands, Worland directed him to pay the money to be collected for him to the two executions against him ; and that after the money was collected from Clements, he repeated the direction, and the Sheriff told him he would do so, and retained the money by his directions for that purpose. But no receipt was given showing such an application of the money, nor was it shown by any return on either of the three executions; nor does it appear that when the directions and promise were made, after the money was received from Clements, the Sheriff actually had the money, nor that the two executions in favor of Cosby were then in force, and the

Cosby, &c.
vs
|Worland.

A direction to a Sheriff by a plaintiff in execution, to pay over the money collected for his benefit on an execution against him, is not a payment— the plaintiff in the latter execution being no party to, nor having agreed to any such arrangement.

—Especially after a revival of the latter judgment and execution by sci. fa.

plaintiff in those executions was never apprized of the arrangement.

It may be assumed that this contest would not have arisen, or would be of but little importance, if either party could make the money out of the Sheriff; and as it is clear that Worland neither made any actual payment of money in satisfaction of Cosby's executions, nor caused the actual application of his money in the Sheriff's hands to the satisfaction of those executions, nor put it in the power of Cosby to demand or enforce payment from the Sheriff, or to make him responsible as for money collected and not paid-over, by furnishing direct evidence, or even information of the arrangement; but trusted solely to the promise of the Sheriff to fulfil it, he should bear the loss consequent on the failure of the Sheriff, because he has trusted most, and because he neglected those precautions within his power which were obviously proper and necessary for the security both of himself and of Cos. by. We are of opinion, moreover, that it would be dangerous to allow judgments and executions to be satisfied and extinguished by such loose and unfinished transactions, consisting in the first instance, of mere loose words and promises, and attempted to be proved afterwards by looser testimony. There seems, in effect, to have been a mere agreement between Worland and the Sheriff, that Worland's money in the Sheriff's hands, or which the Sheriff ought to have had in hand, should be applied to the payment of Cosby's executions, and this not having been done in fact, Cosby, who was no party to the agreement, should not be affected by it, nor turned over to a remedy perhaps hopeless, against the Sheriff. Besides, no reason is shown for not making defence to the *scire facias*, and as there is no equity against the plaintiff in the two executions, but that which would result from regarding the transaction as an actual payment and satisfaction of the executions, though made without the privity of the plaintiff, the unexplained omission to rely upon payment at law, though it may not preclude the resort to a Court of Chancery, tends to weaken the alledged ground of equity.

Wherefore, the decree perpetuating the injunction is reversed, and the cause is remanded, with directions to dissolve the injunction with damages and dismiss the bill with costs.

*Kelly* for plaintiff: *Harlan & Craddock and Morehead & Reed* for defendants.